UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARLEYSVILLE WORCESTER INSURANCE COMPANY<br>    Plaintiff, | :<br>:<br>:<br>: |
| v. | :    CIVIL ACTION NO: _____ |
| PARAMOUNT CONCRETE, INC.;<br>R.I. POOLS, INC.;<br>SCOTTSDALE INSURANCE COMPANY<br>    Defendants | :<br>:<br>:<br>:    APRIL 12, 2011 |

## COMPLAINT

Harleysville Worcester Insurance Company, hereby brings this declaratory judgment action pursuant to 28 U.S.C. § 2201, and alleges as follows.

**The Parties**

1. Harleysville Worcester Insurance Company ("Harleysville") is a Massachusetts corporation with its principal place of business in Worcester, Massachusetts.

2. Upon information and belief, Paramount Concrete, Inc. ("Paramount") is a Connecticut corporation with its principal place of business in Stamford, Connecticut.

3. Upon information and belief, R.I. Pools, Inc. ("R.I. Pools") is a Connecticut corporation with its place of business in Norwalk, Connecticut.

4. Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Scottsdale, Arizona. Scottsdale issued a so-called excess policy of insurance, and may claim an interest in the subject of this lawsuit as a result thereof.

**Jurisdictional Venue**

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) inasmuch as the citizenship of Harleysville is diverse from that of the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue in this jurisdiction is proper pursuant to 28 USC §1391(a). Upon information and belief, defendants Paramount and R.I. Pools reside in this District and a substantial portion of the events giving rise to this action occurred in this District.

**Factual and Procedural Background**

7. Paramount was at all relevant times a supplier of shotcrete materials. Shotcrete is a type of concrete used in the construction of swimming pools.

8. At all relevant times R.I. Pools constructed swimming pools in Connecticut, and in 2006 began to purchase shotcrete material from Paramount to construct the swimming pools at issue.

*R.I. Pools Sues Paramount*

9. In or about May 2009, R.I. Pools commenced a lawsuit against Paramount in the State of Connecticut Superior Court for the Judicial District of Stamford/Norwalk at Stamford, captioned *R.I. Pools, Inc. v. Paramount Concrete Inc.*, FST-CV-09-5011707-S(X05) (the "Lawsuit"). In August 2009, the case was assigned to the Complex Litigation Docket. The Complaint sounded in three counts and alleged a violation of the Connecticut Products Liability Act, a violation of the Connecticut Unfair Trade Practices Act, and Recklessness. All claims were based on the allegation that certain "Shotcrete" material—a type of concrete—supplied by Paramount to R.I. Pools for use in constructing swimming pools was defective.

10. In the course of the Lawsuit, R.I. Pools asserted that it had received complaints from the owners of certain shotcrete pools built by R.I. Pools utilizing Paramount's shotcrete asserting that the pools had cracks in the concrete walls and floors.

11. In February 2011, the Lawsuit proceeded to trial. During trial, R.I. Pools amended its Complaint to allege a single count asserting a violation of the Connecticut Products Liability Act. The jury returned a verdict of $2.76 million in damages for the cost to repair, remove and/or replace the Paramount shotcrete material from the swimming pools. The verdict was returned on the amended one-count complaint alleging a claim under the Connecticut Products Liability Act. The verdict included a finding of reckless violation of the statute, and entitled R.I. Pools to punitive damages.

## *The Harleysville Policy At Issue*

12. Harleysville issued to Paramount Commercial General Liability ("CGL") Policy #MPA5J2998 for relevant periods of August 9, 2005 to August 9, 2009 ("The Policy").

13. The limits of liability of the Policy are $1,000,000 per occurrence with a $2,000,000 Products/Completed Operations Aggregate Limit.

14. Harleysville agreed to defend Paramount against the Lawsuit under a complete reservation of all rights Harleysville has or may have under the Policy or applicable law.

15. The Policy's Insuring Agreement provides coverage for damages because of "property damage," but only if the "property damage" is caused by an "occurrence." In relevant part, the Policy defines "property damage" as "[p]hysical injury to tangible property," and "occurrence" as "an accident." Furthermore, the policy would respond, if at all, only for damages because of "property damage" which occurs during the Policy period.

3

16. The Lawsuit against Paramount does not allege "property damage" caused by an "occurrence." The cost to remove defective concrete materials from swimming pools and repairing or replacing it with non-defective concrete material does not constitute "property damage." Furthermore, any construction defects and/or cracking related to defective shotcrete experienced by the swimming pools were not caused by an "occurrence." To the extent the damages awarded are because of "property damage," which has not yet occurred or which did not happen during the Policy period, Harleysville has no obligation to Paramount for those damages.

17. The Policy does not provide coverage for the damages sought in the Lawsuit and Harleysville does not have a duty to indemnify Paramount for any damages awarded against it in the Lawsuit.

18. The Policy contains Exclusion (l), which precludes coverage for damage to "your work" arising out of it or any part of it and included in the "products-completed operations hazard." The term "your work" is defined in the Policy, in pertinent part, to mean work or operations performed by you and materials used in connection with the work and includes warranties made in connection with your work.

19. Under said exclusion, in the event there was "property damage" caused by an "occurrence," any such property damage would be excluded by Exclusion (l).

20. Further, the Policy contains Exclusion (k)—damage to "your product"—which excludes "property damage" to "your product."

21. Under said exclusion, in the event there was "property damage" caused by an "occurrence," any such "property damage" would be excluded by Exclusion (k).

JAB/34446/2/1017051v3
04/12/11-HRT/JZ

22. The Policy also contains Exclusion (m), which precludes coverage for "property damage" to "impaired property." The term "impaired property" is defined, in pertinent part, as tangible property other than "your product" or "your work" that cannot be used or is less useful because it incorporates "your product" or "your work" if such property can be restored to use by repair or replacement of "your product" or "your work." Under that exclusion, in the event there was property damage caused by an "occurrence," any such "property damage" would be excluded by Exclusion (m).

23. The Policy further contains Exclusions (j)(5) and (j)(6), which precludes coverage for property damage to real property upon which the insured was performing operations or which must be repaired or replaced because "your work" was incorrectly performed on it unless the property damage falls within the "products completed operations hazard" definition in the Policy.

24. Under said Exclusions, in the event there was property damage caused by an "occurrence," any such property damage would be excluded under Exclusion (j)(5) and/or (j)(6).

25. The Policy also contains certain Conditions to coverage, including Condition (2)(d), which provides, in pertinent part, that no insured may assume any obligation except with Harleysville's consent.

26. To the extent Paramount and R.I. Pools enter an agreement stipulating to or agreeing upon a judgment or settling the Lawsuit, Harleysville has not consented to any such stipulation or agreement, and is not bound thereby.

27. In the event any punitive, exemplary or multiple damages are awarded against Paramount, whether pursuant to statute or common law, any such damages are not covered under

5

JAB/34446/2/1017051v3
04/12/11-HRT/JZ

the terms of the Policy or by virtue of Connecticut public policy or the common law which precludes insurance for any such damages under the circumstances presented.

28.     The Policy's limits of liability are $1 Million per occurrence. If the damages alleged are the result of an "occurrence"—which Harleysville denies—then only one limit of liability of $1 Million is available to the insured.

29.     Based on information learned by Harleysville since the verdict, Paramount and R.I. Pools are in negotiations to settle the Lawsuit, and one aspect of such a settlement would be an assignment by Paramount to R.I. Pools of any alleged rights it had under the Policy. As a result, upon information and belief, R.I. Pools has an interest in the subject of this action.

30.     All persons with an interest in the subject of this action that is direct, immediate, and adverse have been named parties to this litigation or have been given reasonable notice thereof.

**COUNT 1 - Declaratory Judgment (As to All Defendants)**

1-30.   Harleysville incorporates by reference all previous allegations as if fully set forth in this claim for relief.

31.     Harleysville does not have a duty to indemnify Paramount (or its assignees or subrogees, including R.I. Pools) for the claims of R.I. Pools.

32.     Any damages obtained in the Lawsuit by R.I. Pools against Paramount are not covered by the Policy.

33.     The insuring agreement in the Policy does not apply to the claims and damages sought in the Lawsuit of R.I. Pools against Paramount. Said claims and damages are not "property damage" caused by an "occurrence."

34. Further, Policy Exclusions (I), (j), (k) and (m) preclude coverage for the claims and damages sought in the Lawsuit.

35. To the extent Paramount has violated condition (2)(d) of the Policy, any agreement between R.I. Pools and Paramount would not be binding on Harleysville.

36. Any punitive, exemplary or multiple damages awarded against Paramount are not covered under the Policy and because insurance of said damages is precluded by Connecticut public policy and/or applicable law.

37. Any damages that might be covered under the Policy are subject to the Policy's per occurrence limit of liability.

38. This is a dispute that is appropriate and ripe for adjudication via declaratory judgment pursuant to 28 U.S.C. § 2201. Harleysville has a legal and/or equitable interest in a declaration as to its rights under the Policy. The parties' rights and liabilities under the Policy represent a substantial controversy between parties with adverse interests.

39. Accordingly, Harleysville is entitled to a declaration that:

(a) Harleysville does not have a duty to indemnify Paramount or its assignees or subrogees (including R.I. Pools) for damages and the judgment in connection with the claims and Lawsuit of R.I. Pools; and

(b) That in the event any damages are covered under the Policy, they are subject to the per occurrence limit of liability.

7

## Prayer for Relief

WHEREFORE, Harleysville respectfully requests this Court enter judgment declaring that:

A. Harleysville does not have a duty to indemnify Paramount or its assignees or subrogees (including R.I. Pools) for damages and the judgment in connection with the claims and Lawsuit of R.I. Pools;

B. That in the event any damages are covered under the Policy, they are subject to the per occurrence limit of liability; and

C. Such other relief deemed just and equitable and proper by this Court.

THE PLAINTIFF,
Harleysville Worcester Insurance Company

BY: _____
James A. Budinetz (ct16068)
McElroy, Deutsch, Mulvaney &
Carpenter, LLP
Its Attorneys
One State Street, 14th
Hartford, CT 06103-3102
Tel. No. 860.522.5175
Fax: 860.724.1265
Email: jbudinetz@mdmc-law.com

and

Claudia A. Baio
Baio & Associates, P.C.
15 Elm Street
Rocky Hill, CT 06067
Tel. No. 860.571.8880
Fax: 860.571.8853
Federal Bar No. ct04836
Their Attorney
Email: cbaio@baiolaw.com

8